UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | Cause No. 4:16MJ07272SPM |
| v.   ) | |
| ) | |
| JONATHAN CRIPE,   ) | |
| ) | |
| **Defendant.**   ) | |

## MOTION FOR PRETRIAL RELEASE WITH SPECIAL CONDITIONS

Comes now, Defendant, Jonathan Cripe, by counsel, and moves this Court to enter an order releasing him on an unsecured bond with special conditions that will ensure his appearance and the safety of the community.

### Procedural History and Argument

1.     Defendant has been charged by Superseding Indictment with three counts related to online activities involving Child Pornography.

2.     On October 15, 2015, a search warrant was executed at the home where the defendant lives at 3245 Quervo Lane in Imperial, Missouri.  Evidence was seized, Jonathan was interviewed and he was released.  He did not have to post a bond and no charges were issued.  He has remained in the community until his voluntary surrender on October 31, 2016.

3.     In October of 2015, one of his co-defendants was arrested, Dejan Becovic.  This defendant was charged and was released on an unsecured person recognizance bond with special conditions.  Becovic has remained on bond for over a year and the minute entry on his case entered on October 25, 2016 docs. 99 and 103 note his bond is to continue consistent with the conditions set by Magistrate Judge Brook C. Wells in the central District of Utah.

4.     Another co-defendant, James T. Gersky, was released on bond on October 24, 2016 by Magistrate Judge Ellen Carmody in the Western District of Michigan. The bond was $10,000 unsecured with special conditions doc. 122.

5.     Both of these defendants were ordered to remain on bond by Magistrate Judge Mary Gordon Baker in the District of South Carolina. Thus, three Magistrate Judges have evaluated whether bond would be appropriate based on the serious nature of this case and all three have found bond to be appropriate.

6.     Jonathan Cripe has remained in the community for the last year. He hired an attorney and voluntarily surrendered to Federal Authorities without incident. There can be no credible argument that he is a risk of non-appearance. He is gainfully employed, has lived at the same residence for the last 8 years and has lived in the St. Louis area his entire life. He has no felony or misdemeanor convictions.

7.     He has family ties to the community and has graduated from high school and has an associate's degree. Upon release he would reside at the same residence with his parents and will be on GPS monitoring with restrictions pursuant to the Adam Walsh Act. He has no problem with drug testing or drug and alcohol counseling. He understands his computer usage will be restricted or monitored and he will abide by any conditions ordered by the Court.

8.     The defendant has rebutted any presumption of detention in this case based on his voluntary surrender, his staying in the community while the case has been investigated and his strong ties to the community. Further, at least three other Magistrate Judges have considered bond in this case and have ordered two other defendants released. One of the defendants, Mr. Gersky, has drug testing and counseling as a condition of his bond.

9. The defendant is presumed innocent and to rubberstamp a request for detention by the government based on this case and the evidence before the court would violated the defendants Eight Amendment Right to be free from excessive bail.

## Legal Authority and Argument

10. The United States Supreme Court has stated that the Bail Reform Act preserves the preference for release of the accused pending trial. United States v. Salerno, 481 U.S. 739 (1987). Liberty is the norm under the Bail Reform Act, detention the carefully limited exception. Id. at 755. The Eighth Circuit Court of Appeals has indicated that pretrial detention applies to a "small but identifiable group of particularly dangerous defendants as to whom neither the imposition [sic] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons". United States v. Orta, 760 F.2d 887, 890-91 (8th Cir. 1985). Consistent with these beliefs, the Bail Reform Act encourages release of an accused pending trial provided some condition or combination of conditions can reasonably assure the appearance of the accused at trial and the safety of the community of any other person. Id. To further this end, the Bail Reform Act provides a "wide range of restrictions" Id. at 891.

11. Doubts regarding the propriety of release should be resolved in favor of the accused. United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990).

12. In determining whether a defendant poses a danger to any other person or the community the Court should consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim, controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

13.  18 U.S.C. § 3142(e)(3)(E) creates a rebuttable presumption in some cases that no conditions will reasonably assure the appearance of the person or assure the safety of any other person and the community.  The rebuttable presumption imposes on the defendant a burden to produce evidence to rebut the detention presumption.  United States v. Abad, 350 F.3d 793, 798 (8th Cir. 2003).  Once some evidence is produced to rebut the presumption, the presumption does not disappear, rather it remains a factor for the court to consider.  Id. at 798.  However, the burden of persuasion remains on the Government to prove by clear and convincing evidence that pre-trial detention is warranted.  United States v. Himler, 797 F.2d 156, 161 (3rd Cir. 1986); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (noting that the defendant must produce some evidence and that presumption retains evidentiary weight, but the burden of persuasion remain on the government); United States v. Bosquez-Villarreal, 868 F.2d 1388, 1389 (5th Cir. 1989) (government retains ultimate burden of persuasion).

14. Jonathan Cripe cannot be placed in the "small but identifiable group of particularly dangerous defendants who neither the imposition [of] stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or any other person." Orta, 760 F.2d at 890.  There is nothing to suggest that some combination of the conditions would not reasonably assure the safety of the community or any other person.

15. Defendant requests he be released on electronic monitoring with GPS tracking.  His parents are willing to supervise him to secure his appearance.  He is further amenable to curfew restrictions, sex offender counseling, limited or restricted access to computers, and any other condition required by the Court.  Given the nature and circumstances of the charges, there is a significant likelihood it will be an extended period of time before the case is resolved.

16. These requests are reasonable in light of Defendant's background and the circumstances of this case.  The defendant is presumed innocent and entitled to release pending the outcome of his case.

WHEREFORE, Defendant respectfully requests this Honorable Court admit him to bail on a combination of conditions of release.

    Respectfully submitted,

    FRANK, JUENGEL & RADEFELD,
    ATTORNEYS AT LAW, P.C.

By */s/ Daniel A. Juengel*
    DANIEL A. JUENGEL (#42784MO)
    Attorney for Defendant
    7710 Carondelet Avenue, Suite 350
    Clayton, Missouri 63105
    (314) 725-7777

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Robert Livergood
Asst. United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

                                              */s/ Daniel A. Juengel*
                                              DANIEL A. JUENGEL